**David G. Hosenpud**, OSB No. 83241
hosenpudd@lanepowell.com
**Leah C. Lively**, OSB No. 96241
livelyl@lanepowell.com
**LANE POWELL SPEARS LUBERSKY** LLP
Suite 2100
601 SW Second Avenue
Portland, Oregon 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200

Attorneys for Defendant New Tech Electric, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **LISA THOMPSON**, | CV No. 03-01634-HA |
| Plaintiff, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES** |
| **NEW TECH ELECTRIC, INC.**, | |
| Defendant. | |

For answer to plaintiff's complaint, New Tech Electric, Inc. (hereinafter "New Tech") admits, denies, and alleges as follows:

1. New Tech admits the allegations contained in paragraph 1.

2. New Tech admits that its principal place of business at all material times was located at 6950 NE Campus Way, Hillsboro, Oregon; that it provides a variety of electrical services in residential, commercial and industrial settings; and that it engaged in substantial business activities within Multnomah County, Oregon. New Tech denies the remaining allegations contained in paragraph 2.

PAGE 1 - ANSWER AND AFFIRMATIVE DEFENSES

707193.0002/438997.1

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

3. New Tech admits the allegations contained in paragraph 3.

4. New Tech admits that on or about December 11, 2002, plaintiff was involved in a motor vehicle collision associated with her job as a result of which plaintiff suffered neck and back strain. New Tech further admits that a physician took plaintiff off work on December 11 and 12, 2002, and released her to modified duty with work restrictions as of December 13, 2002. New Tech denies the remaining allegations contained in paragraph 4.

5. New Tech admits that it did not pay plaintiff for December 11 and 12, 2002, the two days plaintiff missed work due to her accident-related injuries. New Tech denies the remaining allegations contained in paragraph 5.

6. New Tech denies the allegations contained in paragraph 6.

7. New Tech admits that plaintiff was not permitted to exceed the medical restrictions contained in her modified duty release and was required to perform her safety officer duties and responsibilities from within the New Tech office because performance of duties and responsibilities in the field could exceed plaintiff's medical limitations. New Tech is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore denies the same.

8. New Tech denies the allegations contained in paragraph 8.

9. New Tech denies the allegations contained in paragraph 9.

10. New Tech admits that in or about the second week of January 2003, plaintiff was ordered by her physician to take four days off work due to the effect of her injuries. New Tech further admits that after this four-day leave, plaintiff was, for the first time, released to full duty. New Tech denies the remaining allegations contained in paragraph 10.

11. New Tech admits that in or about January 2003, plaintiff contacted Harvey Hammock and expressed concern that since suffering an on-the-job injury, she had been restricted by Dale from working in the field and was required to perform her job duties and

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

responsibilities from within the office. New Tech denies the remaining allegations contained in paragraph 11.

12. New Tech is without information to perform a belief as to the truth of the allegations contained in paragraph 12, and therefore denies the same.

13. New Tech admits that in February 2003, Wade Parkin replaced Dale as its president.

14. New Tech admits that in 2003 plaintiff asked to meet with Dee Dennis, Regional Operating Officer, to discuss concerns she had about her job duties and responsibilities. New Tech denies the remaining allegations contained in paragraph 14.

15. New Tech admits that on or about March 21, 2003, Wade Parkin informed plaintiff that he had decided to terminate her employment. New Tech further admits that Parkin informed plaintiff that she had an opportunity for a fresh start, but failed to take the initiative which caused Parkin to lose confidence in plaintiff's ability to perform her job duties.

16. In response to paragraph 24 (sic), New Tech incorporates its answers to paragraphs 1-15 as if fully set forth herein.

17. In response to paragraph 25 (sic), New Tech admits that on or about December 11, 2002, plaintiff applied for workers' compensation benefits in connection with her on-the-job injury.

18. New Tech denies the allegations contained in paragraph 26 (sic).

19. New Tech denies the allegations contained in paragraph 27 (sic).

20. New Tech denies the allegations contained in paragraph 28 (sic).

21. New Tech denies the allegations contained in paragraph 29 (sic).

22. New Tech denies the allegations contained in paragraph 30 (sic).

23. New Tech denies the allegations contained in paragraph 31 (sic).

24. In response to paragraph 32 (sic), New Tech realleges its answers to paragraphs 1-15 as if fully set forth herein.

PAGE 3 -   ANSWER AND AFFIRMATIVE DEFENSES

707193.0002/438997.1

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100

25. New Tech denies the allegations contained in paragraph 33 (sic).

26. New Tech denies the allegations contained in paragraph 34 (sic).

27. New Tech denies the allegations contained in paragraph 35 (sic).

28. New Tech denies the allegations contained in paragraph 36 (sic).

29. In response to paragraph 37 (sic), New Tech realleges its answers to paragraphs 1-15 as if fully set forth herein.

30. In response to paragraph 38 (sic), New Tech admits that plaintiff was an employee as defined under the Family Medical Leave Act "FMLA," and that she met the technical eligibility criteria under 29 U.S.C. § 2611.

31. New Tech denies the allegations contained in paragraph 39 (sic).

32. New Tech denies the allegations contained in paragraph 40 (sic).

33. New Tech denies the allegations contained in paragraph 41 (sic).

34. New Tech denies the allegations contained in paragraph 42 (sic).

35. New Tech denies the allegations contained in paragraph 43 (sic).

36. New Tech admits that plaintiff has demanded a jury trial in this case.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

37. Plaintiff has failed to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

(Good Faith, Non-discriminatory Business Reasons)

38. All decisions regarding plaintiff's employment and the termination of her employment were made in good faith, without malice, for lawful, non-discriminatory and non-retaliatory business unrelated to any alleged protected activity by plaintiff, and in compliance with all applicable law.

707193.0002/438997.1

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100

## THIRD AFFIRMATIVE DEFENSE

(After Acquired Evidence)

39. Following plaintiff's termination, New Tech discovered evidence of theft of company property for which plaintiff would have been terminated had such conduct been discovered while plaintiff was employed. As a result of plaintiff's misconduct, her claims are barred by the doctrine of after-acquired evidence.

## FOURTH AFFIRMATIVE DEFENSE

(No Right to Punitive Damages)

Plaintiff's claim for punitive damages is barred because the acts and omissions, if any, of New Tech fail to rise to the level required to sustain an award of punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff has failed to mitigate her damages, if any, she sustained.

THEREFORE, having fully answered plaintiff's Complaint, defendant New Tech prays for judgment in its favor and for its costs and disbursements incurred herein.

DATED: December 4, 2003

LANE POWELL SPEARS LUBERSKY LLP


By /s/ David G. Hosenpud
David G. Hosenpud, OSB No. 83241
(503) 778-2100
Attorneys for Defendant New Tech Electric, Inc.

PAGE 5 - ANSWER AND AFFIRMATIVE DEFENSES

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707193.0002/438997.1

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2003, I caused to be served a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** on the following person(s) in the manner indicated below at the following address(es):

Dana L. Sullivan, Esq.
McKanna Bishop Joffe & Sullivan LLP
1635 NW Johnson Street
Portland, OR  97209

- ☒ by **CM/ECF**
- ☐ by **Electronic Mail**
- ☐ by **Facsimile Transmission**
- ☒ by **First Class Mail**
- ☐ by **Hand Delivery**
- ☐ by **Overnight Delivery**

 /s/ David G. Hosenpud
David G. Hosenpud

PAGE 6 -   ANSWER AND AFFIRMATIVE DEFENSES

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100

707193.0002/438997.1